**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**


**CHRISTY WALDO**                                                              **PLAINTIFF**


**vs.**                                                     **CIVIL ACTION NO. 3:11cv0120-SAA**


**MICHAEL ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY**                                  **DEFENDANT**


## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the

decision of the Commissioner of Social Security denying the application of plaintiff Christy

Waldo for a period of disability (POD) and disability insurance benefits (DIB) under Sections

216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments

under Section 1614(a)(3) of the Act.  Plaintiff filed her applications on July 2, 2008, alleging

disability beginning December 22, 2006.  Docket 7, p. 172-78.  Her claim was denied initially on

October 3, 2008 and on reconsideration on December 10, 2008.  *Id.* at 83-86, 91-94 .  She filed a

written request for hearing on December 15, 2008 and was represented by counsel at the hearing

held a year and a half later on April 18, 2010.  *Id.* at 43-76.  The Administrative Law Judge

(ALJ) issued an unfavorable decision on June 2, 2010 (*Id.* at 20-28), and the Appeals Council

denied plaintiff's request for a review on July 8, 2011.  *Id.* at 25-27.  Plaintiff timely filed the

instant appeal from the decision, and it is now ripe for review.  Because both parties have

consented to have a magistrate judge conduct all the proceedings in this case as provided in 28

U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying

final judgment.

## I.  FACTS

Plaintiff was born on July 10, 1975 and was thirty-one years old on the alleged onset date and thirty-five years old when she filed this appeal.  Docket 7, p. 51.  She has a high school education and attended college for a year and a half to obtain her certification as a surgical technician.  *Id.* She was previously employed as a forklift operator, waitress and restaurant manager.  *Id.* at 74.  Plaintiff contends that she became disabled before her application for SSI, DIB and POD due to seronegative inflammatory polyarticular arthritis, fibromyalgia, toxic psychosis, adult onset juvenile rheumatoid arthritis (Still disease), a facial lesion, headaches, and an affective mood disorder.  Docket 7, p. 22.  The ALJ rejected her claims of disability, concluding that even though the plaintiff had severe impairments and could not perform her past relevant work, the application of the Medical Vocational Rules (GRIDS) supported a finding of not disabled.

Plaintiff claims that the ALJ erred when he improperly considered plaintiff's severe impairments at Step 3, did not obtain a medical expert's opinion in order to reach an RFC that was supported by substantial evidence and ignored the testimony of the VE at step 5.

Because the court agrees with plaintiff that the ALJ should have obtained a medical opinion as to both (1) whether plaintiff's severe impairments of seronegative inflammatory polyarticular arthritis and fibromyalgia combined equal a listing, particularly Listing 14.09 and (2) plaintiff's vocationally-relevant functional limitations, the court will not address the plaintiff's remaining issues.

## II.  STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1]  The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2]  First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3]  Second, plaintiff must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[4]  At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5]  If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6]  At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7]  If the Commissioner proves

---

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010).  If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."  20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999); citing *Austin v. Shalala,* 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the

---

[8]*Muse*, 925 F.2d at 789.

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

[Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III.  DISCUSSION

Plaintiff argues that no medical opinion in the record supports the ALJ's RFC, rendering erroneous the RFC and the ALJ's ultimate decision that plaintiff is not disabled.  She contends the ALJ erred in step four of the evaluation process by relying on his own opinions to conclude that plaintiff could perform a full range of sedentary work and "can lift and carry ten pounds occasionally and less than ten pounds frequently.  She can stand and walk a total of four hours out of an eight hour work day.  She can sit eight hours out of an eight hour workday.  She can climb, balance, stoop, crouch, knee and crawl occasionally."  Docket 7, p. 24.  The Commissioner admits that the record lacks an examining physician's opinion as to plaintiff's ability to perform the basic demands of work, but argues nevertheless that the ALJ's opinion that plaintiff could perform sedentary work is supported by the record.  Docket 12, p. 10.  In other words, even though the Commissioner admits that the ALJ's opinion did not have a basis in any medical finding as to plaintiff's physical capabilities, it continues to do the same thing the ALJ did – take on the role of a physician and try to reach a conclusion as to plaintiff's capabilities from the raw medical data.

The court rejects the Commissioner's argument as untenable.  The Commissioner is well aware that a as a layman, an ALJ is not qualified to interpret raw medical data in functional terms.  *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991).  Where there clearly is no support for the ALJ's RFC, and the error is so fundamental, the

Commissioner should voluntarily agree to remand for reconsideration rather than require that the court make that decision for him.

The record evidence contains quite a bit of treatment concerning plaintiff's seronegative inflammatory polyarticular arthritis and fibromyalgia, but does not contain an opinion from any treating or consulting physician setting forth plaintiff's vocationally-relevant functional limitations other than those which issued from a non-treating, consulting physician only one month after plaintiff's application for disability. Dr. Thomas Jeffcoat completed a physical residual functional capacity form on August 14, 2008, before receiving many of plaintiff's medical records. Docket 7, 566. The ALJ only afforded Dr. Jeffcoat's opinion some weight because of the additional medical records obtained at a later date and because the plaintiff's subjective complaints warranted a more restrictive RFC. Docket 7, p. 27. In other words, there is no medical opinion concerning plaintiff's vocational abilities from a physician who either treated plaintiff, had all of plaintiff's medical records to review or actually examined plaintiff. The ALJ reached his conclusion as to plaintiff's vocationally relevant functional limitations on his own after hearing plaintiff's testimony and reviewing the raw medical data.

The responsibility to determine the plaintiff's residual functional capacity belongs to the ALJ, *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995), and in making this determination he must consider all the evidence in the record, evaluate the medical opinions in light of other information contained in the record, and determine the plaintiff's ability despite her physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ has considerable discretion in reviewing facts and evidence but, as a layman, he is not qualified to interpret raw medical data in functional terms. *Perez v. Secretary of Health and Human*

*Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted); *see Richardson v. Perales*, 402 U.S. 389, 408 (1971) (upholding the use of testimony from vocational expert because the ALJ is a layman).  The ALJ may not establish physical limitations or lack of those limitations without medical proof to support that conclusion.  *Patterson v. Astrue*, 2008 WL 5104746, *4 (N.D. Miss. 2008), citing *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).  "The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law or judging matters entrusted to experts."  *Nyugen v. Chater*, 172 F.3d at 35.

The court has examined the record and cannot locate any treating or examining physician who ever stated plaintiff was capable of lifting ten pounds either occasionally or frequently or that she can stand and walk for a total of four hours out of an eight-hour day despite the ALJ's inclusion of these findings in his RFC.  As indicated by plaintiff and the Fifth Circuit, "an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions."  *Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995).  This appears to be exactly what the ALJ did in the subject case.  In direct contradiction to both the medical evidence in the record and applicable case law, the ALJ established physical limitations without any medical proof to support those limitations, then, using those unsupported limitations, reached an RFC based upon his own extrapolation of the medical records as to plaintiff's ability to work.  This process produced an improper RFC and ultimately an improper evaluation of the Grids.  Therefore, the undersigned finds that the ALJ did not satisfy his affirmative duty to "ensure that his decision is an informed decision based upon sufficient facts."  *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996).  The ALJ's decision was not supported by substantial evidence

and should be remanded for a proper analysis of the plaintiff's vocationally-relevant functional limitations as well as whether plaintiff's impairments meet a listed impairment individually or combined.

## IV.  PLAINTIFF'S REMAINING ARGUMENTS

This action will be remanded to the ALJ for (1) further explanation of why all of the plaintiff's impairments do not meet or combine to meet a listing including obtaining additional evidence and the testimony of medical expert if necessary, and (2) clarification of plaintiff's physical limitations in order to properly question a VE and reach an RFC based upon the facts of the record.  Because the court is remanding for further consideration of these issues, the court need not address the merits of the plaintiff's remaining arguments at this time.

## V.  CONCLUSION

A final judgment in accordance with this memorandum opinion will issue this day.

This, the 6th of June, 2011.

         /s/ S. Allan Alexander
         UNITED STATES MAGISTRATE JUDGE